RECEIVED

OCT 17 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BEAL BANK, S.S.B.<br>VERSUS<br>MACK V. HUYNH, a/k/a Mack Van Huynh, Son Van Huynh, Son V. Huynh and Mark Huynh, individually and *in personam*, and the documented vessel, MASTER MACK II, Official Number 1080464, with its engines, machinery, equipment, fixtures, electronics, navigational electronics and devices, appurtenances, etc., *in rem* | CIVIL ACTION NO. 05-1129<br>SECTION L-O<br>MAGISTRATE JUDGE METHVIN |

## DEFAULT JUDGMENT

Considering the Motion for Order of Default Judgment and Sale of Vessel (the "Default Motion") filed on behalf of Beal Bank, S.S.B. ("Plaintiff"), and after considering the said motion, the pleadings herein, and the law, which show that:

1. For loan advances or other extensions of credit by Plaintiff, Defendant Mack V. Huynh, a/k/a Mack Van Huynh, Son Van Huynh, Son V. Huynh and Mark Huynh ("Huynh") executed a U.S. Small Business Administration Note dated April 30, 1999 and made payable to the order of Boca Raton First National Bank ("BRFNB") in the principal amount of $650,000.00 (the "Original Note"). Huynh and BRFNB executed a Note Modification Agreement dated July 12, 1999 (the "Modification"). The Original Note and the Modification are hereafter collectively referred to as the "Note".

2. In order to secure the payment in full to BRFNB of the indebtedness due under the Note, including principal, interest, costs and fees, Huynh duly executed and delivered to BRFNB, as mortgagee, the following Preferred Ship Mortgage (the "Mortgage") on the Documented Vessel:

Preferred Ship Mortgage dated April 30, 1999 covering the whole of the vessel MASTER MACK II, a documented vessel bearing Official Number 1080464.

3. The Mortgage was duly filed with the Secretary of Transportation/United States Coast Guard at Falling Waters, West Virginia, in substantial compliance with 46 U.S.C. § 31321, on May 10, 1999 in Book 99-59, Page 166.

4. In order to more fully secure the payment in full to BRFNB of the indebtedness due under the Note, including principal, interest, costs and fees, Huynh duly executed and delivered to BRFNB the following document granting a security interest (the "UCC Security Interest") in and on the Defendant Vessel (as defined below):

Grant of Security Interest By Mack V. Huynh a/k/a Son Van Huynh In Favor of Boca Raton First National Bank dated April 30, 1999 covering MASTER MACK II, a documented vessel bearing Official Number 1080464, together with any and all related inventory, supplies, equipment, fuel, appliances and spare parts and together with all rights, rents, proceeds, accounts, contract rights, chattel paper, documents and general intangibles related thereto or arising therefrom; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions related to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, chattel paper and accounts proceeds) and all related general intangibles; and all of Huynh's equipment, fixtures, inventory, accounts and general intangibles.

5. The UCC Security Interest was perfected by the filing of the following:

UCC Financing Statement Form UCC-1 relating to the vessel MASTER MACK II, a documented vessel bearing Official Number 1080464, filed May 6, 1999 as No. 26-233206, in the official U.C.C. records of the State of Louisiana (the "Financing Statement").

6. BRFNB subsequently failed and the Federal Deposit Insurance Corporation ("FDIC") became the Receiver for Net First National Bank f/k/a Boca Raton First National Bank. In its capacity as Receiver, the FDIC transferred and conveyed to Plaintiff all of the right, title and interest

in and to the Note, the Mortgage and the UCC Security Interest.

7. Plaintiff has been and remains the owner and holder of the Note.

8. The effectiveness of the Financing Statement was continued by the filing of a UCC Financing Statement Amendment filed April 12, 2004 as No. 26-280071.

9. The Note has not been paid and is in default.

10. Process was executed by service of a Warrant for Arrest upon the following vessel, with its engines, machinery, equipment, fixtures, electronics, navigation electronics and devices, appurtenances, etc. on July 1, 2005 by the United States Marshal for the Western District of Louisiana (collectively, the "Defendant Vessel"):

The documented vessel, MASTER MACK II, Official Number 1080464.

11. On July 8, 2005, Huynh was formally served with the Complaint and summons by process server.

12. On July 27, 2005, in accordance with Local Admiralty Rules 64.1 and 64.5, Plaintiff caused to be published a notice of seizure in this matter in The Advertiser, a newspaper published in Lafayette, Louisiana.

13. No one has appeared to claim the Defendant Vessel or to answer the Complaint on behalf of the Defendant Vessel.

14. No claimants or lien holders have filed a claim or otherwise answered Plaintiff's Complaint in this action.

15. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure there is no just reason for delay of entry of judgment against the Defendant Vessel.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that there be final judgment under Rule 54(b) of the Federal Rules of Civil Procedure:

(1) that Beal Bank, S.S.B. is the proper owner and holder of the Note;

(2) that the Preferred Mortgage secures the payment in full to Plaintiff of the indebtedness of Nguyen, including without limitation the Note, including principal, interest, costs and fees;

(3) that all persons who might have presented a claim or answer or intervening complaint are in default;

(4) that there be judgment in favor of Beal Bank, S.S.B. and against the Defendant Vessel, with its engines, machinery, equipment, fixtures, electronics, navigation electronics and devices, appurtenances, etc., *in rem* (i) for the total and unpaid principal of $577,436.82, plus accrued interest in the amount of $40,271.92 as of May 11, 2005, *per diem* interest (based on a variable rate) currently in the amount of $136.34 per day, negative escrows of $2,377.75; (ii) for costs in *custodia legis* (plus other United States Marshal's costs, keeper's or substitute custodian's costs, and insurance costs as may accrue until the date of sale); and (iii) for Plaintiff's attorney's fees and costs related to these proceedings.

Lafayette, Louisiana, this _17_ day of _October_, 2005.

_____
UNITED STATES ~~DISTRICT~~ JUDGE
Mag.

151148_1

SENT
10-17-05
BY
TO Cmt / sba
USMS